WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Thomas Eliss Newsome,

                Plaintiff,

    vs.

Arizona Department of Corr., et al.,

                Defendants.

No.  CV 13-1187-PHX-SMM (JFM)

**O R D E R**

      Plaintiff Thomas Eliss Newsome, who is now confined in the South Idaho Correctional Institution in Boise, Idaho, filed a *pro se* civil rights Complaint under 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis.*[1]  (Doc. 1, 2.)  Because the *in forma pauperis* application submitted by Plaintiff did not substantially comply with this District's approved form, the Court denied the application in an August 12, 2013 Order and gave Plaintiff 30 days to pay the filing and administrative fees or file a complete Application to Proceed *In Forma Pauperis*.  (Doc. 5.)  On August 27, 2013, Plaintiff submitted a six-month trust account statement and the second page of a new Application to Proceed *In Forma Pauperis*.  (Doc. 6.)  However, on October 11, 2013, the Clerk of Court entered judgment.  (Doc. 7.)  In an Order filed on January 30, 2014, the Court construed Plaintiff's filing on August 27, 2013 as a new *in forma pauperis*

---

[1]  Information available online reflects that Plaintiff is serving a sentence for misappropriation of personal identifying information in Ada, Idaho, case CR10-7294. *See* http://www.idoc.idaho.gov/content/prisons/offender_search/detail/104312 (last visited Oct. 24, 2014).

JDDL-K

1   application and vacated the October 11, 2013 entry of judgment based on Plaintiff's
2   substantial compliance with the Court's August 12, 2013 order.  (Doc. 8.)  The Court
3   granted Plaintiff leave to proceed *in forma pauperis,* but dismissed the Complaint for
4   failure to state a claim with leave to amend.  (*Id.*)

5       Plaintiff has filed a First Amended Complaint.  (Doc. 11.)  The Court will dismiss
6   the First Amended Complaint for failure to state a claim with leave to amend.

7   **I.     Statutory Screening of Prisoner Complaints**

8       The Court is required to screen complaints brought by prisoners seeking relief
9   against a governmental entity or an officer or an employee of a governmental entity.  28
10  U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff
11  has raised claims that are legally frivolous or malicious, that fail to state a claim upon
12  which relief may be granted, or that seek monetary relief from a defendant who is
13  immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

14      A pleading must contain a "short and plain statement of the claim *showing* that the
15  pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8
16  does not demand detailed factual allegations, "it demands more than an unadorned, the-
17  defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678
18  (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere
19  conclusory statements, do not suffice."  *Id.*

20      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
21  claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,
22  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual
23  content that allows the court to draw the reasonable inference that the defendant is liable
24  for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible
25  claim for relief [is] . . . a context-specific task that requires the reviewing court to draw
26  on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's
27  specific factual allegations may be consistent with a constitutional claim, a court must
28  assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*

1  at 681.

2       But as the United States Court of Appeals for the Ninth Circuit has instructed,

3  courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338,

4  342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less

5  stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v.*

6  *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

7       If the Court determines that a pleading could be cured by the allegation of other

8  facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal

9  of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

10  Plaintiff's First Amended Complaint will be dismissed failure to state a claim, but

11  because it may possibly be amended to state a claim, the Court will dismiss it with leave

12  to amend.

13  **II.   First Amended Complaint**

14       Plaintiff alleges three counts for denial of constitutionally adequate medical care

15  after he was injured at an Arizona Department of Corrections (ADC) facility.  Plaintiff

16  sues Nurse Practitioner Jane Doe, Caseworker Povich, Warden John Doe, and Medical

17  Director Doe.  Plaintiff appears to seek injunctive and compensatory relief.

18       To the extent that the First Amended Complaint is legible, Plaintiff appears to

19  complain of Defendants' failure(s) to provide medical treatment for serious injuries to his

20  neck and back, particularly while he was transported from Arizona to Idaho.[2]  Although

21  unclear, he appears to allege the following:  Plaintiff suffered a serious orthopedic injury

22  while incarcerated by ADC, apparently in the East Unit.  He indicates that a warden or

23  assistant warden photographed the area where Plaintiff was injured and the condition of

24  the floor.  Treatment scheduled by an orthopedic surgeon and neurologist in Arizona

25  were delayed, or cancelled, by Plaintiff's extradition from Arizona to Idaho, which took

26

27  _____

28       [2] LRCiv. 3.4 provides that all complaints by incarcerated persons must be legibly
written or typewritten.  The Court may strike or dismiss complaints that do not
substantively conform with the Local Rules.

JDDL-K                                    - 3 -

about 20 days.  The company that transported Plaintiff was not provided instructions or medical supplies for Plaintiff's medical condition(s) during transit and Idaho prison officials were not informed of Plaintiff's medical condition(s).  Plaintiff contends that ADC medical staff failed to arrange for medical care while he was being transported. Plaintiff alleges that his medical condition worsened as a result causing numbness in his legs and pain in his back and neck.

## III.   Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A.   Doe Defendants

Plaintiff sues Defendants who are only identified fictitiously.  Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action.  As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint or amended complaint upon an anonymous defendant.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.  *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).  Where the names of individual defendants are unknown at the time a complaint is filed, a plaintiff may refer to the individual unknown defendants as Defendant John (or Jane) Doe 1, John Doe 2, and so on, *and* allege facts to support how each particular Doe

1    defendant violated the plaintiff's constitutional rights.  A plaintiff may thereafter use the
2    discovery process to obtain the names of fictitiously-named defendants whom he believes
3    violated his constitutional rights and seek leave to amend to name those defendants.

4        In this case, Plaintiff sues three Doe Defendants.  However, his First Amended
5    Complaint does not appear to include allegations against any of them to the extent that
6    the First Amended Complaint is legible.  Plaintiff will be granted leave to file an
7    amended complaint that is *legibly* written.  In his amended complaint, he should allege
8    when, where, and how he was injured and describe his injuries.  Plaintiff should name as
9    defendants the person(s) who allegedly violated his constitutional rights.  If Plaintiff does
10   not know the names of a defendant, Plaintiff may refer to each such person by a fictitious
11   name, e.g., John Doe 1, John Doe 2, and so on *and* allege facts to support how each
12   defendant violated his constitutional rights.  That is, Plaintiff must allege when, where,
13   and how any Doe defendant violated his constitutional rights.  Because Plaintiff fails to
14   allege facts to support that the Doe Defendants violated his constitutional rights, Plaintiff
15   fails to state a claim against that those Defendants and they will be dismissed.

16   **B.    Medical Care**

17       Plaintiff seeks relief for denial of constitutionally-adequate care.  Not every claim
18   by a prisoner relating to inadequate medical treatment states a violation of the Eighth or
19   Fourteenth Amendment.  To state a § 1983 medical claim, a plaintiff must show that the
20   defendants acted with "deliberate indifference to serious medical needs." *Jett v. Penner*,
21   439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104
22   (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating that failure
23   to treat the condition could result in further significant injury or the unnecessary and
24   wanton infliction of pain and (2) the defendant's response was deliberately indifferent.
25   *Jett*, 439 F.3d at 1096 (quotations omitted).

26       "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d
27   1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must
28   both know of and disregard an excessive risk to inmate health; "the official must both be

JDDL-K

- 5 -

aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).   Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096.  Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983).  "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference.  *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

In all three counts, Plaintiff alleges that he was not provided medication or braces during his transportation from Arizona and Idaho, which he apparently attributes to the Defendants.  Generally, he also alleges that the Defendants failed to ensure that he would not be further injured during the trip.  However, Plaintiff fails to allege when and how he was injured and how severely.  Plaintiff does not indicate when he was transported to Idaho or how soon after he was injured.  He also fails to allege specific facts to support that each of the Defendants knew, or should have known, that the failure to make arrangements for his transportation in light of his injuries, posed an excessive risk to his

health.   He also fails to allege facts to support that any of the Defendants were responsible for making such arrangements.  For all of these reasons, Plaintiff fails to state a claim for denial of constitutionally adequate medical care.

**IV.    Leave to Amend**

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint or first amended complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**V.    Warnings**

**A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he

intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

///

1    **IT IS ORDERED:**

2        (1)    The First Amended Complaint (Doc. 11) is **dismissed** for failure to state a

3    claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended

4    complaint in compliance with this Order.

5        (2)    If Plaintiff fails to file a second amended complaint within 30 days, the

6    Clerk of Court must, without further notice, enter a judgment of dismissal of this action

7    with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C.

8    § 1915(g).

9        (3)    The Clerk of Court must mail Plaintiff a court-approved form for filing a

10   civil rights complaint by a prisoner.

11       DATED this 27th day of October, 2014.

12

13

14   _____

15                    Stephen M. McNamee
                  Senior United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

Phoenix & Prescott Divisions:       **OR**       Tucson Division:
U.S. District Court Clerk                            U.S. District Court Clerk
U.S. Courthouse, Suite 130                       U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10          405 West Congress Street
Phoenix, Arizona  85003-2119                   Tucson, Arizona  85701-5010

7.  Change of Address.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  Certificate of Service.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. See Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>          Attorney for Defendant(s)
>
> _____
> (Signature)

9.  Amended Complaint.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  See Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  Exhibits.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3. <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,   )
(Full Name of Plaintiff)                    )
                           Plaintiff,        )
                                             )
              vs.                            )   **CASE NO.** _____
                                             )       (To be supplied by the Clerk)
(1)_____ ,       )
(Full Name of Defendant)                     )
(2)_____ ,       )
                                             )
(3)_____ ,       )   **CIVIL RIGHTS COMPLAINT**
                                             )   **BY A PRISONER**
(4)_____ ,       )
             Defendant(s).                   )   ☐ Original Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.   )   ☐ First Amended Complaint
                                             )   ☐ Second Amended Complaint

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
     ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
     ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
     ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

Revised 3/9/07                              1                              **550/555**

## B.  DEFENDANTS

1.    Name of first Defendant: _____.  The first Defendant is employed as:
_____at_____.
(Position and Title)                                                                                    (Institution)

2.    Name of second Defendant: _____.  The second Defendant is employed as:
_____at_____.
(Position and Title)                                                                                    (Institution)

3.    Name of third Defendant: _____.  The third Defendant is employed as:
_____at_____.
(Position and Title)                                                                                    (Institution)

4.    Name of fourth Defendant: _____.  The fourth Defendant is employed as:
_____at_____.
(Position and Title)                                                                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.    Have you filed any other lawsuits while you were a prisoner?        ☐ Yes          ☐ No

2.    If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities      ☐ Mail          ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies:**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                    ☐ Yes    ☐ No
b.   Did you submit a request for administrative relief on Count I?        ☐ Yes    ☐ No
c.   Did you appeal your request for relief on Count I to the highest level?    ☐ Yes    ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

## COUNT II

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
    ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count II?      ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?      ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.


2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail              ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.


3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.


4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.


5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
at your institution?                                                      ☐ Yes   ☐ No
b.   Did you submit a request for administrative relief on Count III?       ☐ Yes   ☐ No
c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes   ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
you did not. _____
_____.


**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
                DATE                        SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

6